(23 Misc. Rep. 7.)

### GARRETT v. WOOD.

(Supreme Court, Special Term, Albany County.    March, 1898.)

1. COSTS—EXTENT OF RIGHT—JUDGMENT ON DEMURRER.
  Under Code Civ. Proc. § 3232, making costs on an interlocutory judgment on an issue of law allowable in the discretion of the court, a judgment for plaintiff on demurrer, with costs, should include costs after notice and before trial, and trial fee on such issue of law.

2. SAME.
  Costs before notice of trial do not follow an interlocutory judgment on demurrer with costs.

3. SAME.
  Term fees of a term prior to the interposition of a demurrer are not taxable on an interlocutory judgment thereon with costs.

Action by Lena Garrett against Bradford R. Wood, executor. Hearing on defendant's motion to retax costs.    Granted.

Lyman H. Bevans, for the motion.
Barnwell R. Heyward, opposed.

CHESTER, J.    The plaintiff has procured an interlocutory judgment sustaining her demurrer to the second and third defenses contained in the answer, with costs.    In the taxation, the clerk has allowed to the plaintiff costs before notice of trial, $25; costs after notice and before trial, $15; trial fee issue of law, $20; and term fee for September, 1897, $10; besides costs upon appeal to the appellate division.    The defendant now moves for retaxation, and objects to all the items except the trial fee and costs of appeal.

Where an issue of law and an issue of fact are joined between the same parties to the same action, and the issue of fact remains undis-

posed of when an interlocutory judgment is rendered upon the issue of law, which is the case here, costs are in the discretion of the court. Code Civ. Proc. § 3232. The court has exercised this discretion in favor of the plaintiff, and has ordered that she "have judgment upon said demurrer, with costs." There is a considerable conflict in the authorities as to what costs are allowable under such an order. I think the weight of authority is against allowing costs before notice of trial. It was so held in Kneering v. Lennon, 3 Misc. Rep. 247, 22 N. Y. Supp. 775, and that only the trial fee of an issue of law was properly allowed; but in that case some force was given to the fact that costs were in the discretion of the court, and that it was apparent from the terms of the order that the court, exercising that discretion, only intended to allow the trial fee, because the order was made "with costs upon said demurrer." The reasoning of the opinion, however, was sufficient to exclude any other item of costs, if that language had not been used in the order. The item of costs before notice of trial was also rejected in Jones v. Butler, 83 Hun, 91, 31 N. Y. Supp. 401, which, like this, was a case where a demurrer by plaintiff to a portion of the answer had been sustained, with permission to plead anew; but the court in that case went a step further than in the case first cited, and allowed costs for proceedings after notice and before trial in addition to the trial fee. The case was reversed (146 N. Y. 55, 41 N. E. 633), but upon a ground not affecting its authority upon the question of costs. As the Code of Civil Procedure required the issue of law to be disposed of before the trial of the issue of fact, and as the issue of law was required to be brought to trial upon notice, I think it is proper that the item of costs after notice and before trial should be allowed, as in the case last cited. ˙ The case of Van Gelder v. Van Gelder, 13 Hun, 118, cited by the plaintiff's counsel in support of his contention that he should be allowed costs before notice of trial, is not an authority for that proposition, as the only question involved in that case was as to the amount of the costs of an appeal from an order overruling a demurrer. I am aware that there are some special term decisions holding that costs before notice of trial are taxable on demurrer, but as an allowance of that item here might lead to a subsequent claim of a right to tax the item again in the event of plaintiff's final success in the action, and in view of the authority of the cases referred to, both of which were at general term, I think the item should be disallowed.

I also reject the item of term fees for the September term, 1897, as that was a term prior to the interposition of the demurrer, and therefore it could not have been the issue raised by the demurrer which was on the calendar at that term.

The clerk is directed to retax the bill, and to strike therefrom the costs before notice of trial and the term fee for September, 1897. No costs of this motion are allowed, as the parties have stipulated that the disposition should be without costs. Ordered accordingly.